RICHARDS v. MILLARD, appellant.

*Evidence — parol evidence — where party not estopped by writing — habit of dealing.*

In an action to recover moneys alleged to have been obtained by fraud, it appeared that defendant had purchased in his own name certain lands from one C; that plaintiff by a written contract agreed to purchase them from defendant, and that defendant, in consideration of $30,000, conveyed them to plaintiff, he giving back a mortgage for part of the purchase-money. Plaintiff testified that in the purchase from C defendant was acting as his agent. This was contradicted by defendant. Plaintiff also testified that the land was obtained through defendant upon his representation that C could be more favorably dealt with in that way than if plaintiff's name was used.
*Held,* that plaintiff was not estopped from showing the facts of the transaction, notwithstanding the contract, deed and mortgage. Such showing is no breach of the rule that writings cannot be contradicted by parol.
Evidence that defendant had been employed by plaintiff as his agent in the purchase of lands and for other purposes, such agencies having been special, but continuing down to the purchase in question, held admissible as bearing upon the probabilities as to the agreement existing between the parties.

APPEAL from a judgment in favor of the plaintiff upon the verdict of a jury and an order denying a new trial. The facts appear in the opinion.

*H. Smith*, for appellant.

*Chas. Hughes*, for respondent.

PARKER, J. This is an appeal from a judgment rendered upon the verdict of a jury for $21,822.81.

The action is brought to recover back money fraudulently obtained by defendant from the plaintiff, for the pretended purpose of paying for lands purchased by defendant for plaintiff, as his agent.

The gist of plaintiff's claim in the complaint is, that plaintiff employed defendant as his agent to purchase for him of one Calvin Cooley 6,961 acres of land, upon the best terms possible. That defendant, as such agent, negotiated with Cooley and made a contract to purchase the land for $15,000. That he thereupon falsely and fraudulently represented to plaintiff that he had agreed to pay Cooley for said land the sum of $30,000, and thereby induced plaintiff to pay him (the defendant) for Cooley such latter sum, only $15,000 of which he paid to Cooley, and kept and converted the remaining sum of $15,000 to his own use.

The defense is, that in respect to this purchase of Cooley, defendant was not the agent of plaintiff, but bought the land on his own account and sold it to plaintiff for the sum of $30,000.

The evidence in regard to defendant being plaintiff's agent to purchase these lands at the time he did purchase them, is conflicting. The facts that defendant purchased them in his own name at $15,000, and took the deed to himself, are not denied. Nor is it denied that plaintiff entered into a written contract with defendant to purchase them of him at the price of $30,000, payable $7,500 down, and the residue in three equal annual installments thereafter, to be secured by his mortgage upon the lands, and that he took from defendant a deed thereof, paid the $7,500 and gave him the mortgage provided for, which he had prior to the commencement of this suit fully paid; plaintiff explaining, however, that the obtaining of the land through defendant was done under defendant's representation that Cooley could be dealt with in this mode more favorably to plaintiff than by dealing in plaintiff's name, and that he (plaintiff) was told by defendant, and believed, that $30,000 was the price at which Cooley had agreed to sell defendant the land, to conceal the falsity of which from plaintiff was defendant's reason for dealing with Cooley in his own name.

Defendant, upon the trial, insisted that plaintiff was absolutely bound by his written contract with defendant, and at the close of the evidence moved for a nonsuit, upon the ground that "the plaintiff was bound by the writings which showed that there was a contract and sale by Millard to Richards; that the parol evidence given to establish that the purchase was from some one else, was insufficient to change or vary the effect of those papers, and therefore the plaintiff was not entitled to recover, the action being brought on the theory that Millard purchased the land as agent, on authority from Richards, while the papers themselves show that it was a sale direct from Millard to Richards."

The motion for a nonsuit was denied, and defendant excepted.

There can be no doubt, I think, that the nonsuit was properly denied.

Although the fact was undisputed that the mode adopted in making the purchase was the one above stated, yet, if defendant was in fact plaintiff's agent in the transaction, and that mode was adopted on defendant's suggestion, fraudulently made, that it was more feasible and advantageous to plaintiff thereby to make and carry out the purchase for plaintiff, it was competent for plaintiff to show such fact. Defendant, if agent, had no right to purchase on his own account. *Torrey* v. *Bank of Orleans*, 9 Paige, 649, affirmed in 7 Hill, 260. And his purchase must be regarded as for plaintiff, notwithstanding it was made in his own name; and if plaintiff was induced to consent to its being so taken, and to co-operate with defendant in so obtaining the land, in consequence of fraudulent representations of defendant as to that being the most sure and feasible way of procuring it from Cooley, with a view to conceal from plaintiff the fact that $15,000 only was given for it, then I do not think plaintiff is estopped from showing the facts, notwithstanding his contract with defendant and the deed from him, and the bond and mortgage to him. Such showing is no breach of the rule that writings cannot be contradicted or modified by parol evidence. Parol evidence is admissible to show that a written agreement was obtained by the fraud of the party claiming under it. 1 Greenl. Ev., § 284. "In the case of a written contract, if a person has been induced to enter into it by fraudulent representations, they may be proved by parol. * * * In these and similar cases, the general reason against admitting parol evidence will not apply; the danger is not that the admission of such evidence would intro-

duce fraud and uncertainty, but that fraud would be assisted by its exclusion, the whole object of the evidence being to expose and defeat a secret fraud." 2 Phil. on Ev., C. & H. and Edwards' Notes, 688, 689; see, also, *Willink* v. *Vanderveer*, 1 Barb. 599.

The defendant upon the trial objected to evidence offered to show that defendant had been employed by plaintiff as his agent in other purchases of lands, and for other purposes, such agencies having been special and not general agencies, but continuing down to the time of the purchase in question. The court, however, admitted such evidence and defendant excepted.

Also, at the close of the evidence defendant moved to strike out all testimony in reference to defendant having been plaintiff's agent in reference to transactions other than the one in question, which was denied, and defendant excepted.

Defendant also excepted to the following portion of the judge's charge to the jury, viz.: "You have a right to look at the pre-existing relations between the parties, as bearing upon the probabilities as to which one of these parties has truthfully related to you the agreement existing between them concerning the purchase and conveyance of this property."

These exceptions relate to the same question, viz.: whether the relations of the parties, in respect to other transactions, was a proper subject of consideration in determining the question of defendant's agency in this case, where one party as a witness affirmed the agency, and the other as a witness denied it.

I think the view of this question taken by the court, as expressed in the charge, the correct one.

If it had been the habit of the parties to act, in regard to particular matters of a certain kind, in the relation of principal and agent, the probability that, in another matter of the same kind, their transactions are governed by the same relation is, I think, sufficiently strong to render proof of such habit admissible. It is a circumstance, as all other relations of the parties are, entitled to consideration.

Proof of such relation of the parties to each other does not infringe the rule of the cases cited by defendant's counsel, that the general habit of a party cannot be given in evidence against him to prove a particular fact, which would accord with such habit. The relations of parties to each other stand upon a different footing, as they are oftener necessary to the correct understanding even of

the contracts of the parties with each other. *Blossom* v. *Griffin,* 13 N. Y. 574. So they may, especially in a doubtful case, be used to assist in determining the question of the existence of the same relation with reference to another similar subject. I do not think the court committed any error on the subject of the evidence now in question.

One other point is made by the defendant, arising out of the admission of testimony of the witness Finch. The objection is, that the testimony objected to was offered and admitted to contradict and discredit defendant as a witness upon a collateral matter. The whole of the evidence in question under this point bore upon a material fact in the case — a fact tending to prove defendant's fraudulent representations in reference to his negotiations with and purchase from Cooley. In this view it was competent, and for this purpose, and not to discredit defendant as a witness, it must be deemed to have been offered and admitted.

I discover no errors entitling defendant to a new trial, and am of the opinion that the judgment should be affirmed with costs.

BOARDMAN and J. POTTER, JJ., concurred.

*Judgment affirmed.*